IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL WILKEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-2015-SMY-RJD |
| FCA US, LLC, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Daniel Wilken alleges that on or about January 3, 2022, he was driving a 2013 Ram 2500 Longhorn truck that "catastrophically failed" and he suffered significant injuries, including amputation of his right leg. Doc. 21. Plaintiff alleges that Defendant FCA US, LLC ("FCA") designed, assembled, manufactured, marketed, and sold the truck and that at all times relevant, the truck was defective and unreasonably dangerous. *Id*. Specifically, Plaintiff alleges that the "drive shaft and transfer case were unreasonably susceptible to detachment and failure." *Id*., ¶11. FCA filed a Third Party Complaint against Crippen Automotive, alleging that employees of Crippen Automotive negligently maintained, inspected, serviced, and repaired the truck between January 2018 and January 2022. Doc. 39, ¶12.

This matter comes before the Court on a Motion to Compel (Doc. 65) referred to the undersigned by District Judge Yandle, pursuant to the Federal Magistrate Act (as amended), 28 U.S.C. §636(b)(1)(A). Defendant FCA US, LLC filed a Response (Doc. 68). The Court held a hearing on August 5, 2024. Plaintiff's Motion contends that FCA raised improper, boilerplate

objections to Plaintiff's Supplemental Requests for Production, Interrogatories, and Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).  Doc. 65.  The supplemental discovery requests and notice of deposition all involve the same subject matter: a "technical service bulletin" issued by FCA in July 2021 regarding the failure of "u-joints" on "some heavy duty Ram front drive shafts double cardan universal joints."  Doc. 65-2.

Plaintiff's Motion (Doc. 65) and FCA's response (Doc. 68) reflected that the parties never met and conferred prior to Plaintiff filing the instant motion.  The undersigned gave the parties an additional month to meet and confer, and then instructed the parties to inform the Court whether they had reached an agreement on any of Plaintiff's discovery requests.  The parties never reached an agreement on any of those requests prior to the hearing, though Defendant produced approximately 20,000 pages in response to the discovery requests (but without informing Plaintiff's counsel which documents complied with each request).  Multiple times during the hearing, FCA represented that Plaintiff's counsel would be satisfied with their production if he reviewed those documents.  The undersigned told counsel that they could inform the Court if they reached an agreement on the issues raised by Plaintiff's Motion to Compel by August 12, 2024. While the parties did not inform the Court that they had reached an agreement on any of these issues, FCA supplemented their discovery responses on August 13, 2024.  All of their supplemental responses were provided subject to objections.  The undersigned will now rule on the propriety of those objections.

**SUPPLEMENTAL INTERROGATORIES**

**1. With respect to the Technical Service bulletin ("TSB") dated July 17, 2021 and referenced during the April 29, 2024 deposition, identify:**

**The interrogatory goes on to request the names of the people who, e.g., authored the**

**TSB, contributed to the TSB, reviewed drafts of the TSB, etc.**

FCA objects that the Interrogatory is vague, overly broad, etc. These objections are not well-taken; the interrogatory specifically pertains to one document (Doc. 65-2, pp. 6-8) that appears to be highly relevant to this case, and asks FCA to provide particular information regarding that document. FCA's objections are OVERRULED.

**2. The July 17, 2021 TSB states "failures of the ("u-joints") have occurred on some heavy-duty Ram front drive shafts double cardan universal joints."**

**The interrogatory then goes on to ask when FCA first received reports of these failures, how did it receive those reports, when an investigation took place, etc.**

FSA objects that this Interrogatory is vague, ambiguous, overly broad, and unduly burdensome, etc. because Call Center agents receive reports of vehicle issues. The agents are not trained in technical analysis of motor vehicle issues; they "simply intake information from the caller as to the reason for the contact." Doc. 65-6, p. 6. Therefore, FCA explains, there may be records of calls related to failures of the u-joints that are not retrievable using the search criteria identified in this Interrogatory. The Court agrees that it would be unduly burdensome for FCA to sift through Call Center records to find records of contact that might be responsive to this Interrogatory. FCA's objections are otherwise OVERRULED, as the Interrogatory is confined to a particular topic that is highly relevant and asks specific questions regarding that topic.

**3. Identify the individual who determined the cause of the u-joint failure described in the July 29, 2021 TSB.**

**4. Identify the committee/group/department within FCA US, LLC in charge of determining the cause of the u-joint failure described in the July 29, 2021 TSB and identify the individual in charge of that department.**

      **5.   Identify the individual who determined the role of "low profile" grease openings in the u-joint failure.**

      For Interrogatories 3-5, FCA refers to its objections to Interrogatories Nos. 1 and 2. These objections are OVERRULED. Interrogatories 3-5 involve highly relevant topics and ask for limited, explicit information regarding those topics.

      **6.   Identify all internal FCA US, LLC procedures…for the generation of Technical Service Bulletins, generally.**

      **7.   Identify the individual within FCA US, LLC who wrote the internal TSB procedures.**

      **8.   Identify the individual and the FCA US, LLC, committee responsible for administering FCA US LLC's internal TSB procedures.**

      **9.   Identify the individual most knowledgeable about FCA US, LLC Technical Service Bulletin procedure.**

      **10. Identify internal FCA US, LLC procedures…for investigating reports received by FCA US, LLC of potential dangerous FCA US, LLC product failures.**

      **11. Identify the individual and the FCA US, LLC committee/group/department/office responsible for administering FCA US, LLC's internal procedures for investigating dangerous product failures.**

      FCA objects that Interrogatories 6-11 are overly broad and unduly burdensome and the Court SUSTAINS these objections. Interrogatories 6-11 are only tangentially related to any relevant issues described in Plaintiff's Motion to Compel, yet seek a potentially vast range of information.

**SUPPLEMENTAL REQUESTS FOR PRODUCTION**

1. **All documents which reflect or otherwise relate to the drafting and issuance of the technical service bulletin ("TSB")….in essence, any form of written or oral communication.**

FCA objected that this Request was unduly burdensome, vague, overly broad, seeks irrelevant information, and is not proportional to the needs of the case. The Court agrees that the use of the terms "any form of written or oral communication" that "reflect or otherwise relate" impose an impossible burden on FCA. FCA's objections are SUSTAINED.

2. **The July 17, 2021, TSB states "failures of the ("u-joints") have occurred on some heavy-duty Ram front drive shafts double cardan universal joints." Produce all [written or oral communication] of Defendant's investigation into failures of u-joints occurring on vehicles' front drive shafts double cardan universal joints.**

FCA made the same objections to this Request as it did to Request #1. The Court acknowledges that the use of "all [written or oral communication]" is expansive; however, this Request pertains to a specific investigation and therefore FCA's objections are OVERRULED.

3. **All [written or oral communication] pertaining to reports of failures of u-joints occurring on vehicles' front drive shafts double cardan universal joints.**

FCA made the same objections to this Request as it did to Request #1, but also provided specific information regarding why it is so unduly burdensome:

> ….FCA US receives, within various areas of the company, thousands of communications from various sources relative to Fiat, Chrysler, Dodge, Jeep, and Ram vehicles. These communications cover a wide spectrum of customer questions and comments relating to performance of one feature or another on the vehicles. It would be unduly burdensome and unreasonable to require FCA US to search each and every department in the company and review all of these varied communications in order to determine whether any pertain to the model vehicle and the allegations of defect at issue in this lawsuit.

In light of this explanation and considering that FCA has nonetheless produced a summarized list of legal claims and customer reports made prior to January 3, 2022 in which it is alleged that a truck like the one at issue was involved in a motor vehicle accident causing personal injury due to the alleged failure of the major structural components of the front driveshaft, the Court otherwise SUSTAINS FCA'S objections to Request #3.

4. **[Any form of written or oral communication] pertaining to determination of the cause of the u-joint failure.**

FCA made the same objections to this Request as it did to Request #1.  Because this Request pertains to a specific question (the cause of the u-joint failure), FCA's objections are OVERRULED.

5. **All internal documents regarding the production of Technical Service Bulletins, generally.**

FCA objected that this Request is vague, overly broad, and unduly burdensome.  The Court agrees.  As written, the request would presumably cover every e-mail written about the development of every Technical Service Bulletin, ever.  FCA's objections are SUSTAINED.

6. **All other documents responsive to Plaintiff's Supplemental Interrogatories.**

The Court agrees with FCA that this request is unreasonably vague.  FCA's objections are SUSTAINED.

**RULE 30(b)(6) DEPOSITION NOTICE (Doc. 65-8)**

Plaintiff's Rule 30(b)(6) deposition lists 15 topics.  FCA objected to each of those topics but has agreed to produce two witnesses in response to the notice.  The Court will now rule on FCA's remaining objections to the Rule 30(b)(6) topics.

1. **The process by which Defendant created the Technical Service Bulletin dated July 17,**

2021 ("the TSB"), including the personnel involved in that process.

2. The impetus for Defendant's creation of the TSB and the decision to create the TSB, including the personnel involved in that decision.

3. The drafting of the TSB.

4. The internal approval process for the TSB.

5. The dissemination of the TSB by FCA US, LLC.

6. The personnel who did draft the TSB, including their duties, qualifications, training, place within or without Defendant's corporate structure.

7. The personnel who provided input to the drafters of the TSB regarding the information stated therein, including their duties, qualifications, training, place within or without Defendant's corporate structure.

8. Input or collaboration with any entity outside of FCA US, LLC into the drafting, substance, or dissemination of the TSB.

9. External guidelines, policies, statutes, regulations that govern or were applicable to the drafting, substance, approval or dissemination of the TSB.

10. Internal FCA US, LLC guidelines, criteria, policies, and procedures for drafting, approving, or disseminating technical service bulletins, generally, at the time the subject TSB was produced; and FCA US, LLC personnel responsible for generation and implementation of those policies and procedures.

For topics 1-10, FCA contends that each is "overly broad and vague"; these objections are overruled, as topics 1-9 are related to a specific document and seek specific information regarding the production and dissemination of that document. FCA also raises the objection that topics 1 and 6-10 seek "information not relevant to any claim or defense." The Court disagrees; clearly,

the TSB is highly relevant to this case. Perhaps certain information sought in topics 1 and 6-10 will ultimately prove to be irrelevant, but neither the Court nor the parties can make that determination without first knowing the information.[1] FCA's objections to topics 1-10 are OVERRULED. However, FCA raises work product, attorney client privilege, and consulting expert privilege objections to these topics; nothing in this Order should be construed as compelling FCA to reveal information subject to the work product doctrine or attorney client privilege or consulting expert privilege. Without knowing the questions or information sought, the Court cannot determine the applicability of either privilege or the work product doctrine.

**11. The timeline and process by which Defendant became aware of reports of "failing u-joints occurring on Ram front drive shaft double cardan universal joints."**

FCA again raises the objections of "overly broad and vague" and "seeks information that is [irrelevant] and not proportional to the needs of the case." These objections are OVERRULED. It is not unreasonable for Plaintiff to ask questions about when and how FCA became aware of the issue that [Plaintiff alleges] caused his truck to be defective and unreasonably dangerous.

**12. Internal FCA US, LLC guidelines, criteria, policies and procedures for investigating reports of potentially dangerous/injuries FCA US, LLC product failures.**

FCA objects that this Interrogatory is overly broad and unduly burdensome, and the Court SUSTAINS those objections. This topic seeks a vast range of information not related to this case.

**13. Defendant's investigation into reports of "failing u-joints…" including but not limited to the timeline of the investigation…participants…the process…communications regarding**

---

[1] The Court presumes that when Plaintiff asks for "FCA US, LLC personnel responsible for generation and implementation of those policies and procedures" in Topic 10, he is asking for the names of personnel responsible "at the time the subject TSB was produced."

**the investigation…interim and final reports…and conclusions.**

FCA objects that this topic is "overly broad, vague, unduly burdensome" and seeks information that is not relevant and proportional to the needs of the case. These objections are OVERRULED. It is not unreasonable for Plaintiff to ask questions about the investigation into a condition that, Plaintiff alleges, caused his truck to be defective and unreasonably dangerous.

**14. Documents relevant to the above-listed matters.**

**15. Pursuant to Fed. R. Civ. P. 34, at the above-noticed deposition Defendant's designee should produce any document related to the above-listed matters that has not otherwise been produced in discovery.**

FCA objects that topics 14 and 15 are overly broad and vague and the Court SUSTAINS these objections. Asking for any document that is "relevant" to the 13 topics is too onerous of a task and requires the witness to make legal conclusions regarding relevancy. Moreover, asking for "any document related" to 13 different topics is unreasonably vague.

## CONCLUSION

Now that some of FCA's objections are overruled, it may be necessary for it to supplement its responses. Any additional supplementation necessary as a result of this Order shall be made on or before August 30, 2024.

**IT IS SO ORDERED.**

**DATED:   August 16, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**