IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL WILKEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2015-SMY |
| | ) |
| FCA US, LLC, et al., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Daniel Wilken filed this action asserting product liability claims against Defendant FCA US, LLC. Now pending before the Court is Plaintiff's Motion to Amend Complaint (Doc. 100), which FCA opposes (Doc. 104).

Under Federal Rule of Civil Procedure 15(a), after a party has amended its pleading once by right, that party may amend the pleading again only by leave of court or by written consent of the adverse party. While Rule 15(a) is discretionary, leave to amend should be granted absent any evidence of bad faith, dilatory motive, undue delay, unfair prejudice to the opposing party, or unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted. *See Jackson v. Rockford Housing Authority,* 213 F.3d 389, 390 (7th Cir. 2000); Runnion *ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana,* 786 F.3d 510, 519–20 (7th Cir. 2015). Here, Plaintiff seeks to amend the complaint to add a request for punitive damages. FCA contends the proposed amended complaint is futile because under the applicable choice of law rules, Michigan law applies and punitive damages may not be recovered under Michigan law.

Federal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law. *See Houben v.*

*Telular Corp.,* 309 F.3d 1028, 1032 (7th Cir. 2002).  The choice of law issue may be waived if a party fails to assert it.  *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) (waiting two years before asserting choice of law waived the issue).  That is the situation in this case.

The time for FCA to ask for the application of Michigan law has long passed.  Not only is the request untimely, but FCA has relied on the application of Illinois law since the inception of this litigation over 2 years ago, including asserting Illinois law in its affirmative defenses and Third-Party Complaint.  FCA has acquiesced to the application of Illinois law and, therefore, Illinois law applies to this case.

Plaintiff seeks to amend the complaint to add allegations regarding FCA's conscious disregard for the safety of others and seeking punitive damages.  The proposed amendment is not futile, and there is no appearance of undue delay, unfair prejudice, bad faith, or dilatory motive by Plaintiff.  Therefore, Plaintiff's Motion for Leave (Doc. 100) is **GRANTED**.

**IT IS SO ORDERED.**
**DATE:  April 25, 2025**

**STACI M. YANDLE**
**United States District Judge**