IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL WILKEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2015-SMY |
| | ) |
| FCA US, LLC, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Daniel Wilken filed this action asserting product liability claims against Defendant FCA US, LLC ("FCA"). Now pending before the Court is Plaintiff's Motion to Amend the Scheduling Order (Doc. 115), which FCA opposes (Doc. 116)[1].

Plaintiff moves to modify the Third Amended Scheduling Order (Doc. 97) so that he may substitute his current, timely-disclosed expert Dr. Peter Tkacik. The Federal Rules of Civil Procedure do not expressly delineate the process or standard a court should utilize when faced with a motion to substitute an expert. That said, the Court views Plaintiff's motion as a request to reopen the deadlines imposed in the scheduling order under Federal Rule of Civil Procedure 16(b)(4). *See e.g.*, *Lincoln Nat. Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, 2010 WL 3892860, at *2 (N.D. Ind. Sept. 30, 2010). Under Rule 16, the court may modify a scheduling order if the party seeking modification shows good cause. When considering whether good cause exists, "the primary consideration for courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

---

[1] Plaintiff's Motion for Leave to File a Reply (Doc. 119) is **GRANTED**.

Plaintiff's expert disclosures were due by March 10, 2025 under the Third Amended Scheduling Order. Plaintiff timely disclosed Dr. Tkacik. However, during his April 4, 2025 deposition, Dr. Tkacik admitted that he lied on his CV and to Plaintiff's counsel about his relevant experience. Within a week of the deposition, Plaintiff filed the instant motion requesting leave to amend the scheduling order and disclose a substitute expert. The Court finds good cause for allowing Plaintiff to do so.

Plaintiff's counsel was unaware of the falsities in Dr. Tkacik's CV and quickly moved to substitute after learning of the expert's apparent deceit. Dr. Tkacik's credibility has been gravely undermined by his falsification of his qualifications. Consequently, to not allow Plaintiff to substitute him would unjustifiably prejudice Plaintiff's ability to prosecute his case. At the same time, Defendant will suffer no prejudice if Plaintiff's motion is granted. FCA will be permitted to take the deposition of Plaintiff's substitute expert after receiving the expert's report.

This Court favors the disposition of cases on the merits. Accordingly, the motion is **GRANTED**. The parties shall submit a proposed amended scheduling order by email to SMYpd@ilsd.uscourts.gov no later than May 21, 2025.

**IT IS SO ORDERED.**
**DATE:  May 14, 2025**

**STACI M. YANDLE**
**United States District Judge**